UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARRYL A. ROSS, | Case No. 1:25-cv-380 |
| Plaintiff, | Cole, J. |
| | Bowman, M.J. |
| v. | |
| CINCINNATI STATE POLICE DEPT., et al., | |
| Defendants | |

**REPORT AND RECOMMENDATION**

On June 6, 2025, Plaintiff, proceeding *pro se*, filed an application to initiate this litigation without payment of a filing fee against the "Cincinnati State Police Department" and one of its officers, identified as Officer Matthew Bareswilt. By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. This matter is now before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

**I.     Screening Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized

1

federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II. **Plaintiff's Complaint**

Plaintiff alleges that federal jurisdiction exists based upon the Defendants' violations of his Fourth Amendment rights on June 6, 2023. Although Plaintiff's complaint is filed on a form frequently used by pro se plaintiffs, several sections of the form have been left blank.[1] But in one of the completed portions, Plaintiff states that he is seeking monetary damages in the sum of $10 million in relief for alleged violations of his civil rights. (Doc. 101, PageID 7.)

Despite failing to complete the "Statement of Claim" section on the form, Plaintiff has attached a single-spaced typewritten statement that fully sets out his allegations against the "Cincinnati State police department and Cincinnati State Officer Matthew Bareswilt." (Doc. 1-1, PageID 8.) As construed liberally, Plaintiff alleges that Officer Bareswilt made an unwarranted traffic stop of a car driven by Plaintiff, in which Plaintiff had an unidentified passenger "who was wanted at the time [for a] misdemeanor." (*Id.*) Plaintiff was handcuffed and placed in the back of Officer Bareswilt's police car to await

---

[1] For example, Plaintiff has left blank a section that asks litigants to identify prior lawsuits. The undersigned notes that, through counsel, the same plaintiff filed suit against two police officers more than a decade ago. *See Ross v. Reed*, No. 1:13-cv-143-MRB.

3

backup. (*Id*.) Both before and after Plaintiff was handcuffed, the officer repeatedly asked permission to search the vehicle, but that Plaintiff repeatedly refused. After waiting in the patrol car for a lengthy period of time, Plaintiff alleges that "the passenger and a friend can [sic] back and saw [Officer] Bareswilt inside my car illegal searching my car found nothing…." (*Id.*) Eventually Officer Bareswilt "took [Plaintiff] to district 5 and when we got there front desk Cincinnati Police Officer told us that Cincinnati Police is not getting involve[d] with Officer Bareswilt case and Officer Bareswilt was out of his jurisdiction…." (*Id.*) Finally, after Plaintiff posted bond, he and others went to retrieve the car and discovered his "wallet was on passenger seat wide open with phone on passenger floor." (*Id.*). Plaintiff states that Officer Bareswilt did not have his body worn camera on during the encounter so there was no video evidence. He suggests that the only evidence "AT COURT CASE WAS FROM CINCINNATI POLICER WHO WAS NOT ON THE CASE." (*Id.*)

### III.  Analysis

The Fourth Amendment of the United States Constitution prohibits "unreasonable searches and seizures" in the absence of probable cause. U.S. Const. amend. IV. Based on the numerous allegations devoted to events surrounding the search of the vehicle he was driving, the undersigned infers that Plaintiff's primary claim is that Defendants unreasonably searched his vehicle during the traffic stop in violation of the Fourth Amendment. "To state a viable claim under 42 U.S.C. § 1983, a plaintiff 'must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Smith v. Detroit Entertainment L.L.C.*, 338 F.Supp.2d 775, 778 (E.D. Mich. 2004) (quoting *Wolotsky v. Huhn,* 960 F.2d 1331, 1335

(6th Cir.1992)). Out of an abundance of caution at this very preliminary stage, the undersigned construes this claim as a *potentially* cognizable claim against Officer Bareswilt in his individual capacity based on that officer's search and seizure of the vehicle and/or its contents in violation of the Fourth Amendment under 42 U.S.C. §1983.[2]

In contrast to the claim against Officer Bareswilt, however, Plaintiff fails to state any claim against the entity he identifies as the "Cincinnati State Police Department." The undersigned assumes that Plaintiff intended to name the City of Cincinnati's Police Department. But a municipal police department is not an entity capable of being sued. *See Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002)); *Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridical entity subject to suit under Ohio law."). As the district court explained in *Davis, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dep't,* 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Thus, police departments are not proper § 1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones,* 197 F. Supp. at 1080.

*Id.*

In addition, the undersigned recommends dismissal of any claim against the police department or Officer Bareswilt in his official capacity. Plaintiff does not specify whether

---

[2] Plaintiff does not allege whether he was convicted of any charges associated with the traffic stop. However, such a conviction would not necessarily foreclose a Fourth Amendment claim based on an illegal search of the vehicle. *See generally*, *Braxton v. Scott*, 905 F. Supp. 455, 458 (N.D. Ohio 1995) (holding that *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar all Fourth Amendment claims under § 1983, if success would not undermine the conviction and the plaintiff alleges a compensable injury other than conviction).

he intends to sue Officer Bareswilt in his individual or official capacity. "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Here, any official capacity claim must be dismissed based on Plaintiff's failure to allege sufficient facts to plausibly suggest that his rights were violated by a City of Cincinnati Police Department custom or policy as would be required to hold defendants liable in an official capacity. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978).

Last, the undersigned does not construe the complaint as stating any type of claim of false arrest or wrongful imprisonment arising out of Plaintiff's arrest or subsequent court proceedings. Plaintiff's allegations focus heavily on the search of the vehicle and are cursory or nonexistent with respect to any subsequent proceedings. Among other deficiencies, his allegations fail to include sufficient facts for this Court to determine whether charges were dismissed or if a subsequent conviction was invalidated. *See*, *generally*, *Heck v. Humphrey*, 512 U.S. 477, 496-487 (1994).

### IV.   Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED** that Plaintiff's Fourth Amendment claim against Defendant Officer Bareswilt in his individual capacity be allowed to proceed past the § 1915 screening stage, but that all other claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under 28 U.S.C.

§ 1915(e)(2).  **IT IS FURTHER RECOMMENDED THAT** the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DARRYL A. ROSS,

    Plaintiff,

v.

CINCINNATI STATE POLICE DEPT., et al.,

    Defendants

Case No. 1:25-cv-380

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).